UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SHARINA JONES,
Individually

       Plaintiffs,                      Case No. 2:12-cv-12301

v.

LABEAU INC.
A Domestic Corporation

       Defendant.
_____/

## COMPLAINT

Plaintiff, Sharina Jones, individually, (hereinafter "Plaintiff") on her behalf and on behalf of all other individuals similarly situated hereby sues the Defendant, Labeau, Inc. a Domestic Corporation (hereinafter "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA"), and for damages pursuant to the Michigan Persons With Disabilities Civil Rights Act ("PDCRA"), MCL 37.1101 et. seq. In support thereof, Plaintiffs state:

1. This action is brought by Sharina Jones, and all persons similarly situated, pursuant to the enforcement provision of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. 12188(a) and the Michigan Persons with Disabilities Civil Rights Act ("PDCRA"), MCL 37.1101 et. seq., against the owners and/or operators of Luigis El Toro Restaurant.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343, which governs actions that arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. See also 28 U.S.C. §2201 and §2202.

3.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) over Plaintiff's State claim as violations of the PDCRA arise from the same facts and circumstances that give rise to Plaintiff's ADA claim.

4.      Venue is proper in this judicial district and division. Defendant does business in the State of Michigan, and all of the acts of discrimination alleged herein occurred in this judicial district and division.

5.      Plaintiff Sharina Jones is a resident of Troy, Oakland County, Michigan, uses a wheelchair, and is an individual with a disability within the meaning of ADA, 42 U.S.C. 12102(2), 28 C.F.R. 36.104, and MCL 31.1103.

6.      Plaintiff Sharina Jones is substantially limited in performing one or more major life activities, including but not limited to, walking and standing.

7.      Plaintiff Sharina Jones is a frequent patron of Luigis El Toro Restaurant, located at 2128 Davison Road, Flint, Genessee County, Michigan.

8.      Plaintiff Sharina Jones has definite plans to return to Luigis El Toro Restaurant in June 2012.

9.      The Luigis El Toro Restaurant is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. 12181, 28 C.F.R. 36.104, and MCL 37.1301.

10.     Defendant owns, leases, leases to, or operates the Luigis El Toro Restaurant, and is responsible for complying with the obligations of the ADA and the PDCRA.

## COUNT I

## VIOLATION OF THE ADA

11.     Plaintiff realleges paragraphs one (1) through ten (10) of this Complaint and incorporates them here as if set forth in full.

12.     Plaintiff has visited the property which forms the basis of this lawsuit on several occasions, and plans to return the property in June 2012 to avail herself of the goods and services offered to the public at the property.

13.     There are numerous architectural barriers present at Luigis El Toro Restaurant that prevent and/or restrict access by Plaintiffs, in that several features, elements, and spaces of Luigis El Toro Restaurant are not accessible to or usable by Plaintiffs, as specified in 28 C.F.R 36.406 and the Standards for Accessible Design, 28 C.F.R., Pt. 36, Appendix A ('the Standards").

14.     Elements and spaces to which there are barriers to access at Luigis El Toro Restaurant include, but are not necessarily limited to:

    a.     There are changes in levels of greater than ½ inch, which creates an extreme hazard to an individual in a wheelchair.

    b.     There is insufficient clear floor space for an individual in a wheelchair to access all the goods and services at the facility, thus discriminating against individuals in wheelchairs.

    c.     The entry ramp to the facility does not provide a level landing, making it difficult for an individual in a wheelchair to traverse.

    d.     The clear width at the door is too narrow for an individual in a wheelchair to access.

  e. There is not a continuous path of travel connecting all elements of the facility, thus denying individuals in wheelchairs the same access as the general public.

  f. The restroom door has improper hardware for disabled patrons.

  g. There is no latch side clearance in the public restroom for an individual in a wheelchair to utilize.

  h. There are no signs at the location designating where the accessible parking spaces are located.

  i. The designated accessible parking spaces do not have any access aisles for an individual in a wheelchair to utilize the parking.

  j. The designated accessible parking spaces have uneven surfaces, thus creating a dangerous situation to an individual in a wheelchair.

  k. There are no grab-bars in the public restroom, thus making it inaccessible to an individual in a wheelchair.

  l. The toilet flush in the public restroom is not located on the wide side of the toilet, thus making it inaccessible to an individual in a wheelchair.

  m. The sinks in the public restroom have improper hardware for disabled patrons, thus making them inaccessible.

  n. There is insufficient clear floor spaces in the public restroom, making it inaccessible to an individual in a wheelchair.

  o. There are urinals in the public restroom that are located too high for an individual in a wheelchair to utilize.

  p.  The mirrors in the public restroom are located too high for an individual in a wheelchair to utilize.

  q.  The dispensers in the public restroom are located too high for an individual in a wheelchair to utilize..

  r.  The storage hooks in the public restroom are located too high for an individual in a wheelchair to utilize.

  s.  There is a lack of signage inside the property so that disabled patrons do not where the accessible features are located.

15. The discriminatory violations described in paragraph 14 of this Complaint were personally encountered by Plaintiff. The Plaintiff, and all other disabled individuals similarly situated, have been denied access to, and have been denied the benefits of, services, programs and activities of the Defendants' buildings and facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.

16. The Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, the opportunity to use such elements, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.

17. Plaintiff has standing to sue for every barrier to access for the disabled that exists on the subject premises. Plaintiff has standing to require that all barriers to access on the property for the disabled are corrected, not merely only those Plaintiff Sharina Jones personally encountered.

18. Defendants' failure to remove the architectural barriers identified in paragraph fourteen (14) constitutes a pattern or practice of discrimination within the meaning of 42 U.S.C. 12188 (b)(1)(B)(i) and 28 C.F.R. 36.503 (a).

19. It would be readily achievable for the Defendant to remove the architectural barriers identified above.

20. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

21. The Defendant has discriminated against Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq. and 28 CFR 36.302 et seq

22. Defendant continues to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

23. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described, but not necessarily limited to, the allegations in paragraph 14 of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violations of the ADA by the Defendants.

24. Plaintiff is aware that it will be a futile gesture to re-visit the property until it becomes compliant with the ADA, unless she is willing to suffer further discrimination.

25. Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

26. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

27. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to make the property readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

## COUNT II

## VIOLATION OF THE PDCRA

28. Plaintiff realleges paragraphs one (1) through twenty-seven (27) of this Complaint and incorporates them here as if set forth in full

29. The Defendant has discriminated against Plaintiff by denying her the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation because of a disability, as prohibited by MCL 37.1302.

30. Plaintiff has desired and attempted to enjoy the goods and services at Luigis El Toro Restaurant as a customer. She has been prevented from doing so due to the existing architectural barriers at the property. As a result, Plaintiff Sharina Jones has been distressed and inconvenienced thereby, and is entitled to monetary damages for his injuries, as provided for in MCL 37.1606.

31. As a result of being denied full access to the property, Plaintiff has suffered, and will continue to suffer, emotional distress, humiliation, anxiety, anger, a loss of enjoyment of life, and other consequential and incidental damages.

## PRAYER FOR RELIEF

32. Because Defendant has engaged in the acts and practices described above, Defendant has violated the law as alleged in this Complaint and unless restrained by this Honorable Court, Defendant will continue to violate the Constitution and laws of the United States of America, and the State of Michigan, and will cause injury, loss and damage to the Plaintiff, and all others so similarly situated.

**WHEREFORE,** Plaintiff respectfully requests that this Court:

     A.     Declare that Defendant has violated title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq, 28 C.F.R. pt. 36, and the Michigan Persons With Disabilities Civil Rights Act ("PDCRA"), MCL 37.1101 *et. seq.*

          i.     by failing to bring Luigis El Toro Restaurant into compliance with the Standards where it is readily achievable to do so; and

          ii.     by failing to take other readily achievable measures to remove architectural barriers to access when it is not readily achievable to comply fully with the Standards.

     B.     Order Defendant:

          i.     to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA;

          ii.     to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities

     C.     Award damages to Plaintiffs who have been aggrieved and injured by the illegal acts of discrimination committed by Defendant;

     D.     Award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205 and MCL 37.1606.

E.   Order such other appropriate relief as the interests of justice may require.

>Respectfully Submitted,
>
>By: /s/ Pete M. Monismith
>Pete M. Monismith, Esq.
>3945 Forbes Ave., #175
>Pittsburgh, PA 15213
>Ph: 724-610-1881
>Fax: 412-258-1309
>Pete@monismithlaw.com
>PA-84746